IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: JIT INDUSTRIES, INC. | ) | |
| EIN: xx-xxx7267 | ) | Case No.: 18-80892-CRJ-11 |
| | ) | |
| Debtor. | ) | CHAPTER 11 |

# DEBTOR'S OBJECTION TO PROOF OF CLAIM 9-1, MOTION TO DETERMINE VALUE OF PROPERTY SUBJECT TO CREDITORS' JUDGMENT LIEN, AND MOTION TO DETERMINE AMOUNT OF SECURED CREDITORS' CLAIM

COMES NOW the Plaintiff, JIT Industries, Inc., Chapter 11 Debtor-in-Possession ("JIT" and "Debtor") and, pursuant to Fed.R.Bankr.P. Rules 3007, 3012, and 7001(2) and 11 U.S.C. § 506(a), and shows unto the Court as follows:

## JURISDICTION AND VENUE

1. On March 23, 2018, JIT commenced the above bankruptcy case by filing a voluntary bankruptcy petition under Chapter 11 of the U. S. Bankruptcy Code.

2. The Debtor's case is pending, and its proposed Chapter 11 Plan has not yet been confirmed.

3. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. § 1334 in that it arises and relates to the above-described Chapter 11 bankruptcy case and is not based on a claim or cause of action under state law.

4. Venue of this proceeding is based on 28 U.S.C. § 1409 in that it is being commenced in the district where the related case under Title 11 U.S.C. is pending.

## FACTUAL AVERMENTS

5. JIT is an Alabama corporation, formed in 2001 and located in Hartselle, Alabama. It designs, manufactures and assembles industrial grade cylinders.

6. JIT does not own any real estate; the Debtor rents its current business location.

7. According to the Debtor's Amended Chapter 11 schedules (Doc. 36), the total value of JIT's property as of the filing date was $319,153.74.

8. Danny Overbee, Rod Hill and Phillip Hill (collectively the "Judgment Creditors") hold a judgment and a corresponding recorded certificate of judgment against JIT's property (the "Lien"). According to their proof of claim, the balance due on the judgment is $1,168,865.96, as of the petition date [Claims Doc. 9-1]. Judgment Creditors filed their claim as fully secured.

### RELIEF SOUGHT BY DEBTOR

9. JIT avers that the value of all its property, as listed in its filed schedules, is $319,153.74.

10. JIT further avers that, pursuant to Alabama law, the Lien does not attach to certain property of JIT, such as its bank accounts, accounts receivable, title vehicles, intellectual property, tort claims, and other property valued in the schedules at $139,678.74

11. Instead, the Lien only attached to certain property – JIT's equipment and inventory – listed in the schedules as worth $175,850.00. Some of this equipment may constitute a real estate fixture owned by the Debtor's landlord and not subject to the Lien.

12. JIT hereby seeks a valuation of its property subject to the Judgment Creditors' Lien, pursuant Fed.R.Bankr.P. Rule 3012.

13. Given the value of JIT's property, most of the Judgment Creditor's judgment lien is not secured for value. Accordingly, Judgment Creditors' proof of claim is improper in as much as it claims to be totally secured for value in the Debtor's property.

14. JIT hereby seeks a declaration that the Judgment Creditor's Lien is secured against JIT's property for value of less than $175,850.00, pursuant to 11 U.S.C. §506, and that

the Debtor may treat the balance of the Judgment Creditors' claim as unsecured in its Chapter 11 plan.

## PRAYERS FOR RELIEF

WHEREFORE, the Debtor prays for an Order of this Court:

1. Sustaining its objection to Proof of Claim 9-1; and

2. Determining that the Judgment Creditors' Lien is secured for value against JIT's property in an amount of less than $175,850.00; and

3. Declaring that the Debtor may treat the balance of the Judgment Creditor's lien as an unsecured claim in its plan of reorganization; and

4. Granting such further relief to the Debtor as the Court deems just and proper.

Respectfully submitted this 27th day of August, 2018.

/s/Tazewell T. Shepard
Tazewell T. Shepard
Tazewell T. Shepard, IV
Kevin M. Morris
*Attorneys to Chapter 11 Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
Fax: (256) 512-9837

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served the foregoing document upon the below listed parties by electronic service through the Bankruptcy Court's CM/ECF filing system and/or by depositing said copy in the United States Mail in a properly addressed envelope with adequate postage thereon this 27th day of August, 2018.

      Kevin C. Gray, Esq.
      Bradley Arant Boult Cummings LLP
      200 Clinton Avenue W., Ste. 900
      Huntsville, AL 35801

                                            */s/ Tazewell T. Shepard*
                                            Tazewell T. Shepard

## NOTICE OF OBJECTION TO CLAIM

      THE CHAPTER 11 DEBTOR HAS FILED AN OBJECTION TO YOUR CLAIM IN THIS BANKRUPTCY CASE. **YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.** YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.

      IF YOU DO NOT WANT THE COURT TO ELIMINATE OR CHANGE YOUR CLAIM, THEN ON OR BEFORE THE EXPIRATION OF THIRTY (30) DAYS FROM THE DATE OF THIS MOTION, YOU OR YOUR ATTORNEY MUST FILE WITH THE COURT A WRITTEN RESPONSE TO THE OBJECTION EXPLAINING YOUR POSITION, EITHER BY CM/ECF ELECTRONIC FILING OR MAILING TO: CLERK, U.S. BANKRUPTCY COURT, P.O. BOX 2775, 400 WELLS STREET, DECATUR, AL 35602.

      AN ORDER SUSTAINING SAID OBJECTION MAY BE ENTERED BY THE COURT AT THE EXPIRATION OF THIRTY (30) DAYS FROM THE DATE OF THIS NOTICE UNLESS YOU FILE A RESPONSE AND REQUEST FOR A HEARING WITH THE COURT WITHIN THAT TIME. IF YOU OR YOUR ATTORNEY DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE OBJECTION TO YOUR CLAIM.