# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: JIT INDUSTRIES, INC. | ) | |
| EIN: xx-xxx7267 | ) | Case No.: 18-80892-CRJ-11 |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| | ) | |

## DEBTOR'S MOTION FOR ENTRY OF A
## FINAL DECREE CLOSING CHAPTER 11 CASE

COMES NOW JIT Industries, Inc. as Chapter 11 Debtor-in-Possession (the "Debtor"), and files this Debtor's Motion for Entry of a Final Decree Closing Chapter 11 Case (the "Motion"). In support of this Motion, the Debtor respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are sections 105(a), 350 and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### NOTICE

3. Pursuant to Bankruptcy Rule 2002, the Debtor proposes to serve a copy of this Motion on all parties requesting notice, all parties listed on the Clerk's Certified Matrix and Richard Blythe, Office of the Bankruptcy Administrator. The Debtor submits that such notice is good, sufficient and appropriate under the particular circumstances and that no other or further notice of the Motion is or shall be required.

### BACKGROUND

4. On March 23, 2018, the Debtor filed a petition for relief (Doc. 1) in the United States Bankruptcy Court for the Northern District of Alabama (the "Court") under Chapter 11 of the Code.

5. On April 23, 2020, this Court entered its Order Confirming First Amended Chapter 11 Plan of Reorganization (Doc. 287).

6.      The Debtor has begun making timely monthly payments to its creditors, pursuant to the Plan. Thus, the confirmed Plan has been substantially consummated in accordance with 11 U.S.C. § 1101(2) and the Estate has been fully administered, except for the completion of all Plan payments.

7.      The docket maintained in this Chapter 11 case reflects the absence of any pending and/or open adversary proceeding or contested matters. Undersigned counsel states that to the best of counsel's knowledge, there are no outstanding issues that would preclude the closure of this case.

8.      As of the filing of this Motion, the Debtor has submitted all quarterly post-confirmation reports to the Office of the Bankruptcy Administrator, and paid all required fees pursuant to 28 U.S.C. §1930(a)(6). Prior to the hearing on this Motion, the Debtor will file any further reports coming due and pay any fees incurred between the filing of this Motion and seven (7) days before the hearing date.

**DISCUSSION**

9.      Section 350(a) of the Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Furthermore, Rule 3022 of the Bankruptcy Rules provides that "[a]fter an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

10.     Courts determine on a case-by-case basis by analyzing relevant factors to determine if a case is fully administered and can be closed allowing courts flexibility in determining whether an estate is fully administered. *See In re Union Home and Industrial, Inc.* 375 B.R. 912, 917 (10th Cir. 2007) (citing, *In re Federated Dept' Stores, Inc*. 43 Fed. Appx. 820, 822 (6th Cir. 2002)).

11.     The Court in *In re SL Management, LLC,* 2010 WL 1379749 (Bankr. N.D. Tex) concluded that "'fully administered' … does not require that all claims be paid as a condition to closing the case." Id. at *4. The Court recognized that a Final Decree can be entered even when all the payments required by a plan are not completed. Id. (citations omitted).

12.     The District Court in *In re JMP-Newcor International, Inc.,* 225 B.R 462 (N.D. Ill. 1998) upheld the Bankruptcy Court's determination to close a pending Chapter 11 even though an adversary case remained open. *Id.* at 465. The District Court determined that making remaining disbursements and the adversary proceeding did not warrant keeping the case open. Id.

## RELIEF REQUESTED

13. Pursuant to Section 350(a) of the Code and Bankruptcy Rule 3022, the Debtor hereby seeks the entry of a Final Decree of the Court closing this Chapter 11 case. The entry of a Final Decree is appropriate because the Plan has been substantially consummated. The Confirmation Order is final, and the Debtor has made several distributions pursuant to the terms of the Plan and completed the claim objection process. The entry of a Final Decree and closing the case will stop the Debtor from incurring quarterly fees under Section 1930 and incurring expenses by maintaining the open Chapter 11 case.

WHEREFORE, the Debtor respectfully requests the Court to enter a Final Decree and Order: closing this Chapter 11 case; and granting such further relief to the Debtor as this Court deems just.

Respectfully submitted, this 15th day of July, 2020.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys to Chapter 11 Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that this the 15th day of July, 2020, I have this day served the foregoing motion on all parties requesting notice, all parties listed on the Clerk's Certified Matrix and Richard Blythe, Office of the Bankruptcy Administrator, by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard IV